

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CHAD R. GOETZ,

        Plaintiff

vs.

QUALITY RESOURCES, INC.

        Defendant

Civil Case No. 5:14CV1099 (TJM/ATB)

COMPLAINT PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT.

JURY TRIAL DEMANDED

Plaintiff Chad R. Goetz hereby sues Defendant Quality Resources, Inc. for money damages arising from violations of the Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227 *et. seq.* and, upon information and belief, alleges as follows:

### I. JURISDICTION AND VENUE

1. This Court possesses original jurisdiction of this matter pursuant to 28 U.S.C. § 1331 as the claims arise under the TCPA.

2. Venue is invoked pursuant to 28 U.S.C. § 1391b(2).

### II. PARTIES

3. Plaintiff Chad R. Goetz is a natural person and is a resident of the State of New York, in the County of Onondaga.

4. Defendant Quality Resources, Inc. is a Florida corporation authorized to conduct business in New York. Defendant's principal place of business is at 1932-C US 19 North, Suite 200, Clearwater, Florida 33764. The principal purpose of Defendant is a marketing services provider.

### III. GENERAL ALLEGATIONS OF FACT AND LAW

5. From March 12, 2014 through April 12, 2014 Plaintiff received a total of nineteen [19]

telephone calls from 866-379-2003. *Plaintiff's Cellular Telephone Call Log* is attached hereto as Plaintiff's EXHIBIT A and by this reference is incorporated herein.

6. Upon researching the source of these calls, Plaintiff discovered that the telephone number is controlled by Quality Resources, Inc.

7. When one calls 866-379-2003, there is a prerecorded message that refers the caller to 866-434-6600.

8. When one calls 866-434-6600, a representative of Quality Resources, Inc. answers the line.

9. Plaintiff never provided Defendant with his cellular phone number.

10. Defendant purchased or otherwise acquired Plainitff's cellular telephone number after an online purchase was made for a Micro Touch One razor at www.onerazor.com.

11. The online order form Plaintiff filled out to purchase the product had a section that required his phone number.

12. The online order form specified that providing a phone number was a required entry to process the order.

13. The online order form provided no information as to why the phone number was required.

14. Plaintiff did not consent to receive telemarketing calls by submitting his phone number to process the order, as Plaintiff's providing his phone number was required and not optional.

15. No indication was given on the order form that by providing his phone number Plaintiff thereby consented to receive telemarketing calls.

16. Nowhere on the www.onerazor.com webpage does it make any reference to Quality Resources, Inc.

17. Plaintiff emailed the customer service department of the Idea Village Products Corporation—the company that markets the Micro Touch One razor—and inquired as to

their legal relationship with Quality Resources, Inc. Plaintiff received a response stating that Idea Village generally does not make outbound calls to customers regarding their order and that any call not from Idea Village is from a 3rd party company offering promotional offers.

18. Quality Resources, Inc. does not have a fiduciary, agency, partnership, or joint venture relationship with Idea Village Products Corporation.

19. Quality Resources, Inc. acted in its own capacity in its marketing endeavors with Plaintiff.

20. All calls made by Quality Resources, Inc. to Plaintiff's cellular phone were done using ATDS (automatic telephone dialing system) capable equipment.

21. All calls made by Quality Resources, Inc. to Plaintiff's cellular phone were not for emergency purposes.

22. Plaintiff never provided express written consent to Defendant to receive calls on Plaintiff's cellular telephone.

23. Plaintiff's cellular number has been listed in the Do Not Call database since June 2011 (see Exhibit B).

24. In June 2014 Plaintiff sent Defendant a Notice of Pending Litigation pertaining to Defendant's violations of the TCPA with a request to settle this matter outside of court, but despite various communications with representatives of Defendant no settlement agreement was able to be reached.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF:
### Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A).
### Willful Non-Compliance by Defendant Quality Resources Inc.

25. Plaintiff repeats and realleges each and every allegation above.

26. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

27. Defendant Quality Resources, Inc. is a "person" as defined by 47 U.S.C. § 153(39).

28. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of 47 U.S.C. § 227(b)(1)(A).

29. As a result of its duties and legal obligations as a telemarketer, Defendant Quality Resources Inc. knew or should have known that making repeated calls using ATDS capable equipment to Plaintiff's cellular telephone number without prior written express consent is a violation of the TCPA.

30. As a result of breaching its duties and legal obligations, Defendant's repeated telephone calls using ATDS capable equipment without prior written express consent are willful within the meaning of 47 U.S.C. § 227(b)(3).

31. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1)(A). Plaintiff is entitled to treble damages of up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

**SECOND CLAIM FOR RELIEF:**
**Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A).**
**Negligent Non-Compliance by Defendant Quality Resources Inc.**

32. Plaintiff repeats and realleges each and every allegation above.

33. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of 47 U.S.C. § 227(b)(1)(A).

34. As a result of its duties and legal obligations as a telemarketer, Defendant Quality Resources Inc. knew or should have known that making repeated calls using ATDS capable equipment to Plaintiff's cellular telephone number without prior written express consent is a violation of the TCPA.

35. As a result of breaching its duties and legal obligations, Defendant's repeated telephone calls using ATDS capable equipment without prior written express consent are negligent within the meaning of 47 U.S.C. § 227(b)(3).

36. As a result of Defendant's negligent violations of 47 U.S.C. § 227 (b)(1)(A), Plaintiff is entitled to damages of $500 for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

### THIRD CLAIM FOR RELIEF:
### Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(c)(3)(F). Willful Non-compliance by Defendant Quality Resources, Inc.

37. Plaintiff repeats and realleges each and every allegation above.

38. The foregoing acts and omissions of Defendant constitute numerous and multiple willful violations of 47 U.S.C. § 227(c)(3)(F).

39. As a result of its duties and legal obligations as a telemarketer, Defendant Quality Resources Inc. knew or should have known that making any unauthorized call to a phone number listed in the national Do Not Call database without prior written express consent is a violation of 47 U.S.C. § 227(c)(3)(F).

40. As a result of breaching its duties and legal obligations as a telemarketer, Defendant's repeated telephone calls to Plaintiff's phone number as listed in the national Do Not Call database without prior written express consent is a violation of 47 U.S.C. § 227(c)(3)(F).

41. As a result of Defendant's willful violations of 47 U.S.C. § 227(c)(3)(F), Plaintiff is entitled to trebled damages, as provided by statute, of up to $1,500 for each and every violation pursuant to 47 U.S.C. § 227(c)(5).

### FOURTH CLAIM FOR RELIEF:
### Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(c)(3)(F). Negligent Non-compliance by Defendant Quality Resources, Inc.

42. Plaintiff repeats and realleges each and every allegation above.

43. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of 47 U.S.C. § 227(c)(3)(F).

44. As a result of its duties and legal obligations as a telemarketer, Defendant Quality Resources Inc. knew or should have known that making any unauthorized call to a phone number listed in the national Do Not Call database without prior written express consent is a violation of 47 U.S.C. § 227(c)(3)(F).

45. As a result of breaching its duties and legal obligations as a telemarketer, Defendant's repeated telephone calls to Plaintiff's phone number as listed in the national Do Not Call database without prior written express consent is a violation of 47 U.S.C. § 227(c)(3)(F).

46. As a result of Defendant's negligent violations of 47 U.S.C. § 227(c)(3)(F), Plaintiff is entitled to damages of $500 for each and every violation pursuant to 47 U.S.C. § 227(c)(5).

## IV. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Chad R. Goetz prays that this Honorable Court enter judgment in his favor for money damages against Defendant Quality Resources Inc. as follows:

  a. Adjudging that the Defendant violated the TCPA.
  b. For the First Claim for Relief an award $1,500 in statutory damages for each and every call pursuant to 47 U.S.C. § 227(b)(3).
  c. For the Second Claim of Relief an award of $500 in statutory damages for each and every call pursuant to 47 U.S.C. § 227(b)(3).
  d. For the Third Claim of Relief an award of $1,500 in statutory damages for each and every call pursuant to 47 U.S.C. § 227(c)(5).

e. For the Fourth Claim of Relief an award of $500 in statutory damages for each and every call pursuant to 47 U.S.C. § 227(c)(5).

f. Grant such other and further relief as this Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 5th, 2014

Respectfully submitted,

Chad R. Goetz
P.O. Box 234
Liverpool, New York 13088

*Plaintiff*

(315) 466-9719

# EXHIBIT A

## Plaintiff's Cellular Telephone Call Log

*Call dates and times received from 866-379-2003 (Quality Resources, Inc.) to Plaintiff's Cellular Telephone.*

| Call # | Date of Call: | Time of Call: |
|---|---|---|
| 1 | 3/12/14 | 4:15pm |
| 2 | 3/12/14 | 7:00pm |
| 3 | 3/12/14 | 8:42pm |
| 4 | 3/13/14 | 9:15am |
| 5 | 3/13/14 | 3:53pm |
| 6 | 3/13/14 | 6:00pm |
| 7 | 3/13/14 | 8:24pm |
| 8 | 3/14/14 | 9:57am |
| 9 | 3/14/14 | 4:00pm |
| 10 | 3/14/14 | 6:51pm |
| 11 | 3/17/14 | 10:53am |
| 12 | 3/18/14 | 12:06pm |
| 13 | 3/20/14 | 11:25am |
| 14 | 3/21/14 | 12:01pm |
| 15 | 3/25/14 | 6:00pm |
| 16 | 3/31/14 | 1:47pm |
| 17 | 4/3/14 | 6:36pm |
| 18 | 4/9/14 | 6:43pm |
| 19 | 4/12/14 | 3:13pm |

# EXHIBIT B

| | |
|---|---|
| Subject: | National Do Not Call Registry - Your Registration Is Confirmed |
| From: | Verify@DonotCall.gov (Verify@DonotCall.gov) |
| To: | ████████████████ |
| Date: | Thursday, April 17, 2014 1:58 AM |

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 9719 on June 21, 2011. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit https://www.donotcall.gov to register another number or file a complaint against someone violating the Registry.

*************************************************************************************************

Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquiries.